BEEKWILL REALTY CORPORATION, Plaintiff, v. CITY OF NEW YORK, Defendant.

Supreme Court, New York County, July 2, 1929.

*Morris J. Bricker,* for the plaintiff.

*Isaac Phillips, Assistant Corporation Counsel,* for the defendant.

SCHMUCK, J.   To remove the cloud on title, plaintiff strives to have the tax levy for 1927 adjudged invalid and illegal as against its parcel purchased from the defendant after it had been ordered sold by the Transit Commission and the commission of the sinking fund of the city of New York.   To justify this position it must be discovered that on October 1, 1926, the property in question was held by the city for public use.   To be explicit, if the plaintiff's property on October 1, 1926, was not held by the city of New York for subway purposes, the levy must be upheld and the plaintiff's plea rejected.   Section 3 of the Tax Law declares all

property of whatsoever nature taxable unless specifically exempted therefrom by law. Section 4 of the Tax Law, subdivision 3, provides that property of a municipal corporation of the State held for public use is exempt from taxation. The status of realty for tax purposes is fixed on October first of each year. (Greater New York Charter, § 892, as amd. by Laws of 1911, chap. 455.) The crucial question accordingly is, What was the condition and use of this property on October 1, 1926? And this problem does not depend on, nor is it regulated by, the intent for which the right of eminent domain was originally exercised. Section 76 of the Greater New York Charter provides that nothing contained therein should prevent the disposing of property no longer needed for public use so long as the sinking fund commissioners so approve and the sale is by public auction. Regardless of *People ex rel. Hollock* v. *Purdy* (72 Misc. 122), with which this court in part disagrees, it is now determined that public ownership, originally of public character, does not necessarily continue during all the time of possession, but may be changed so as to be taxable, if its need for public use is ended.

The evidence at the trial establishes that, by virtue of chapter 4 of the Laws of 1891, known as the Rapid Transit Act, acquisition of this parcel was had. In 1920, by resolution of the board of transportation and sinking fund commission, use of this property for public purpose closed. While attention and consideration will be given to the tax rolls as indicative of the intent of the city regarding the use and character of the property, the determination of the tax commission is not conclusive on this court. The use of the property and its character in this instance are solely determinable by the Transit Commission (Rapid Transit Act, § 39, subd. 2, as amd. by Laws of 1915, chap. 544, § 2), and the tax commission is governed by such determination. Consideration of the evidence adduced at the trial establishes that, after the resolution of the Rapid Transit Commission, the tax roll, at least for the year 1926, all preliminary requirements of the law having been satisfied, carried this parcel on the tax rolls as taxable. It is not germane that this property was advertised as subway property nor is it pertinent to the question involved that an officer of the plaintiff was so informed by officials of the city and representatives of the title company.

In the light of the foregoing, the court holds that this parcel was not held on October 1, 1926, for public use, and was, therefore, taxable. Judgment for the defendant. Submit findings on notice.